UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES CHARLES PISTORINO,

    Plaintiff,
v.                                            Case No. 8:25-cv-73-WFJ-NHA

U.S. DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

    Defendant.
_____/

## SCHEDULING ORDER

This action proceeds on *pro se* Plaintiff James Charles Pistorino's complaint for relief under the Freedom of Information Act ("FOIA"), which Defendant has answered. Dkts. 1, 8.

Defendant has until **July 31, 2025**, to complete the FOIA production and delivery to Plaintiff. A *Vaughn* index will be provided to Plaintiff by **August 28, 2025**. Mediation must be conducted by **September 12, 2025**. A joint status report is due **September 19, 2025**. Defendant's motion for summary judgment is due **October 17, 2025**, and Plaintiff's cross motion for summary judgment and response in opposition to Defendant's motion are due **November 14, 2025**. Defendant's response in opposition to Plaintiff's cross motion and Defendant's reply to Plaintiff's opposition are due **December 2, 2025**. Plaintiff's reply to Defendant's response in opposition is due **December 23, 2025**.

**With respect to mediation**:

This case is referred to court-annexed mediation in accordance with the rules governing mediation set forth in Chapter Four of the Local Rules. The Court may appoint a Mediator. If the Court has not appointed one, the parties shall select a Mediator. Counsel for Plaintiff is designated as Lead Counsel to coordinate the scheduling of mediation. The list of certified mediators is available in the Clerk's Office or on the internet at www.flmd.uscourts.gov under "For Lawyers/Mediation and Settlement/Certified Mediators PDF)." The list is not exclusive, and any certified mediator is permissible. Lead counsel must file a Notice of Scheduling Mediation which (a) identifies the selected Mediator and includes address, telephone, and email information, and (b) sets the time, date, and place for the mediation conference by the above-designated date. If the parties fail to select a Mediator or do not notify the Court of such selection by **August 29, 2025**, the Court will *sua sponte* and without further notice select a mediator and date. The mediation conference must be conducted any time on or before **September 12, 2025**. The parties should consult the undersigned's webpage on the FLMD website for the current policy requiring in person attendance—**The Court does not allow mediation by telephone or video conference. Personal attendance is required absent Court order.**

**With respect to summary judgment procedures**:

1. A party's claims or defenses for which summary judgment is sought shall be presented in a single motion and incorporated memorandum of law which, absent prior permission of the Court, shall not exceed twenty-five (25) pages total. Multiple motions for summary judgment will not be permitted. A violation of any of these directives will result in the Court *sua sponte* striking a party's motion for summary judgment and incorporated memorandum of law without notice. Any record citations should be to page and line of the filed materials. Please file these materials first so they have a docket entry designation and also cite to that docket entry and page when referencing those materials in your pleadings.

2. Prior to filing a motion for summary judgment, the moving party

shall confer in good faith with the party or parties against who summary judgment is sought for the purpose of narrowing the factual issues in dispute. A party by separate pleading filed contemporaneously with the motion for summary judgment and incorporated memorandum of law shall certify that such a conference has taken place and that the parties were or were not able to agree on a narrowing of the factual issues in dispute. Unless the parties are in full agreement as to the undisputed facts, the movant shall file a separate "Statement of Undisputed Fact" (not exceeding 20 pages in length), with citations to the record, which shall accompany the motion for summary judgment.

3. Any party opposing a summary judgment motion shall file a memorandum of law in opposition no later than the time allotted pursuant to Local Rule 3.01(b). To the extent that the party opposing a motion for summary judgment disputes any facts asserted in the motion, a separate "Statement of Disputed Facts" (not exceeding 20 pages in length), with citations to the record, shall accompany the memorandum in opposition. All material facts set forth by the moving party shall be deemed admitted unless controverted by a separate Statement of Disputed Facts.

4. Pursuant to Rule 56(c), Fed.R.Civ.P., as interpreted by the Eleventh Circuit Court of Appeals, the parties are hereby put on notice that the Court will take any motion for summary judgment and all materials in support or in opposition thereto under advisement as of the last day of filing pleadings pertaining to the motion for summary judgment, as that date is mandated by the rules of procedure or by order of the Court. Failure to respond to a motion for summary judgment shall indicate there is no opposition to the motion and may result in final judgment being entered without a trial or other proceeding.

**DONE AND ORDERED** at Tampa, Florida, on March 25, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE